### Ex Parte E. C. Roberts.
*No. 6624.   Decided June 12.*

**Working Public Roads.**—A resident citizen of a city which, under the authority of its charter, exercises exclusive control over the streets, alleys, and public highways within its corporate limits, can not be required to perform labor upon the public roads outside of the said city limits.

HABEAS CORPUS on appeal from the County Court of El Paso.   Tried below before Hon. J. E. Townsend, County Judge.

The opinion fully discloses the case.

*Patterson & Buckler*, for the relator.

*W. L. Davidson*, Assistant Attorney-General, for the State.

HURT, JUDGE.—The road overseer, H. H. Dulany, made complaint against the appellant, charging him with wilfully failing and refusing to work a public road.   Upon this complaint the justice issued his warrant, by virtue of which he was arrested by the constable and held in custody to answer said charge before the justice.   Before the trial, he being in custody of the officer, appellant applied to the county judge for the writ of habeas corpus.   The writ issued as prayed for.   The constable returned that he held him by virtue of the warrant of arrest and the complaint made by the overseer, and the appellant was remanded to custody.

Upon the trial of the writ the appellant proved that he is a resident citizen of the city of El Paso and has been for more than four years; that said city of El Paso is an incorporated city; that it was such up to March 2, 1889, by virtue of a special act of the Legislature of Texas approved May 17, 1873, and on March 2, 1889, continued to be such by virtue of a special act of the Legislature approved March 2, 1889; that by both of said acts the said city through its city council is given exclusive control and power over all streets, alleys, public grounds, and highways of the

city, and is given exclusive control and power to open, alter, widen, extend, establish, regulate, grade, clear, and otherwise improve said streets; that when said notice was served on him he was a bona fide resident citizen of El Paso, and had been for four years prior to that time, and is now such, and that during all of that time he has paid his State, county, and municipal taxes; that said city has now, and for sixteen years past has had continuously, and had when said notice was served, a *de jure* municipal government under its charter, and was actually and now is actually administering the same in all of its departments.

Roberts being a resident citizen of the city, could he be required to work the road outside of the city limits, the charter of the city conferring upon the city authorities exclusive power and control over the streets, alleys, and public ways therein, and the city having assumed the exercise of such power? This is the only question presented, and it must be answered in the negative. The subject is exhaustively discussed by Judge Gray, the trial judge in The State v. Jones, 18 Texas, 774, and his opinion was adopted by the Supreme Court. See also Sayles' Civ. Stats., art. 4359a.

The judgment of the county judge is reversed and the applicant ordered discharged.

*Ordered accordingly.*

Judges all present and concurring.